IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff/Respondent,**

v.                                         No. CV 13-0738 WJ/LAM
                                                   CR 09-2626 WJ

**NATHAN DON JACK,**

      **Defendant/Movant.**

**ORDER GRANTING MOTION FOR DISCOVERY**

      **THIS MATTER** is before the Court on the United States' *Request and Motion for Discovery Pursuant to Rule 6(b) of the Rules Governing Section 2255 Proceedings (Doc. 17)*, filed September 26, 2013. John V. Butcher, Defendant/Movant's prior defense counsel in his underlying criminal case, filed a response to the motion on September 27, 2013. [*Doc. 18*]. Having considered the motion, Mr. Butcher's response, the record of this case, and relevant law, the Court **FINDS** that the motion should be **GRANTED**.

      In its motion, the United States asks the Court to order Mr. Butcher to respond to interrogatories, which are set forth in the motion. [*Doc. 17* at 3-7]. The United States contends that Defendant/Movant impliedly waived the attorney-client privilege with respect to communications he had with Mr. Butcher by raising ineffective assistance of counsel claims in his Section 2255 motion. *Id.* at 3 (citing *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009)). Specifically, the United States claims that it needs Mr. Butcher to answer the interrogatories in order for the United States to respond to Defendant/Movant's contention that Mr. Butcher was ineffective in

1

advising him not to take a plea agreement that Defendant/Movant claims the United States had offered him. *Id.* at 2.

In his response, Mr. Butcher answered those interrogatories that are not related to Defendant/Movant and do not involve confidential information. [*Doc. 18* at 2-4]. With regard to the rest of the interrogatories, Mr. Butcher states that "he must follow the Formal Opinion 10-456 of the American Bar Association (ABA) . . . concerning the disclosure of information to the prosecutor when the lawyer's former client brings an ineffective assistance of counsel claim against him . . . [which] is the basis of the position of the Office of the Federal Public Defender." *Id.* at 1. He goes on to cite the ABA Model Rules of Professional Conduct Rules 1.6 and 1.9(c) which prohibit disclosure of confidential information without informed consent from the client and requires the attorney to invoke the attorney-client privilege to protect any confidential information. *Id.* at 1-2. Because Mr. Butcher does not have a waiver of the attorney-client privilege from Defendant/Movant, he declines to answer the remaining interrogatories absent an order from the Court. *Id.* at 4. Mr. Butcher asks the Court to allow Defendant/Movant an opportunity to respond to the United States' motion or, if the Court finds that the attorney-client privilege has been waived, asks the Court to allow Defendant/Movant "an opportunity to withdraw a [sic] relevant claims or to submit any questions that he desires counsel to answer in aid of his petition." *Id.* at 4-5.

Rule 6(a)-(b) of the Rules Governing § 2255 Proceedings states that "[a] judge may, for good cause, authorize a party to conduct discovery," and that "[a] party requesting discovery must provide reasons for the request" and "any proposed interrogatories and requests for admission, and must specify any requested documents." The Court finds that the United States has provided good cause for its requested discovery in this matter, because the requested discovery is related to

Defendant/Movant's claim regarding his former defense counsel's effectiveness in his underlying criminal case, and because it is necessary for the United States to respond to Defendant/Movant's Section 2255 motion.  In addition, in *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009), the Tenth Circuit held that "when a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications necessary to prove or disprove his claim."  Such waiver, however, must be "no broader than needed to ensure the fairness of the proceedings before it."  *Id.* (citation and internal quotation marks omitted).  The Court finds that, by claiming ineffective assistance of counsel in his Section 2255 motion, Defendant/Movant impliedly waived the attorney-client privilege with respect to communications with his attorney.  The Court further finds that the interrogatories proposed by the United States are sufficiently tailored to the communications between Defendant/Movant and Mr. Butcher relating to those claims.  The Court declines to wait for Defendant/Movant's response to this motion before entering this order because, even if he opposes the motion, *Pinson* clearly directs that it be granted.  The Court finds that Mr. Butcher's request that Defendant/Movant be given "an opportunity to withdraw a [sic] relevant claims or to submit any questions that he desires counsel to answer in aid of his petition." (*Doc. 18* at 4-5) does not provide a basis upon which to deny the United States motion because Defendant/Movant can move to amend his complaint, or propose questions of his own to Mr. Butcher, at any time.  The Court will, therefore, grant the United States' motion and require Mr. Butcher to respond to the remaining interrogatories.

**IT IS THEREFORE ORDERED** that the United States' *Request and Motion for Discovery Pursuant to Rule 6(b) of the Rules Governing Section 2255 Proceedings* (*Doc. 17*) is **GRANTED**, and Mr. Butcher shall respond to the remaining interrogatories posed in the motion

**within ten (10) business days** of the entry of this Order.

      **IT IS SO ORDERED.**

_Lourdes a. Martínez_
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**