IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

v.                                        No. CV 13-0738 WJ/LAM
                                              CR 09-2626 WJ

NATHAN DON JACK,

      Defendant/Movant.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Magistrate Judge Lourdes A. Martínez' *Proposed Findings and Recommended Disposition* *(Doc. 39)* (hereinafter, "PF&RD"), entered on April 7, 2014. On April 28, 2014, Defendant/Movant (hereinafter, "Defendant") filed objections to the PF&RD [*Doc. 40*], on May 22, 2014, Defendant filed a motion to compel production of Grand Jury transcripts [*Doc. 41*], and, on June 13, 2014, Defendant filed a motion to supplement authority [*Doc. 44*]. On June 2, 2014, the United States filed a response to Defendant/Movant's motion to compel production of grand jury transcripts [*Doc. 42*], and on June 9, 2014, Defendant filed a reply to the motion [*Doc. 43*]. The United States did not file any objections to the PF&RD, nor did it respond to Defendant's objections, and the deadlines for doing so have passed. The Court has conducted a *de novo* review of those portions of the PF&RD to which Defendant objects and finds that his objections are without merit. The Court also finds that Defendant's motion to compel production of grand jury transcripts and motion to supplement authority should be denied. Accordingly, the Court will: (1) overrule Defendant's objections as meritless; (2) deny

Defendant's motion to compel production of grand jury transcripts and to supplement authority [*Docs. 41* and *44*]; (3) adopt the ***Proposed Findings and Recommended Disposition*** *(Doc. 39)* and the recommendations of the Magistrate Judge regarding [*Docs. 2, 7, 8, 9, 26, 30, 36* and *37*] therein; (4) deny Defendant/Movant's § 2255 motion [*Doc. 1*]; and (5) dismiss this case with prejudice.

As explained in the PF&RD, after a jury trial, Defendant was found guilty of Second Degree Murder. [*Doc. 39* at 5]. In his § 2255 motion, Defendant raised eleven claims: **Claim One**: that both of his trial attorneys, Mr. Butcher and Mr. Baiamonte, were ineffective because they failed to give Defendant information about a plea offer from the Government (*Doc. 1-1* at 5-22), Mr. Butcher persuaded Defendant that he should go to trial instead of taking the plea offer (*id.* at 12-13), and Mr. Butcher failed to notice that the plea offer was flawed with regard to the statutory requirements for the length of sentence (*id.* at 22-23); **Claim Two**: that both of his trial counsel were ineffective for failing to consult a medical expert regarding a contributing cause of the victim's death (*id.* at 23-34); **Claim Three**: that Mr. Baiamonte was ineffective for failing to introduce evidence to support a theory that Defendant committed voluntary manslaughter instead of second degree murder (*id.* at 34 and *Doc. 1-2* at 1-8); **Claim Four**: that the Court and Mr. Baiamonte violated Defendant's due process rights by failing to present to the jury the question of whether Defendant or the victim were "Indians" under 18 U.S.C. § 1153 (*Doc. 1-2* at 9-12); **Claim Five**: that Mr. Baiamonte was ineffective for failing to request a lesser included offense of involuntary manslaughter as a jury instruction (*id.* at 12-14); **Claim Six**: that Mr. Baiamonte was ineffective for failing to investigate the defense of involuntary manslaughter (*id.* at 14-16); **Claims Seven** and **Nine**: that Mr. Baiamonte was ineffective as Defendant's

appellate counsel (*id.* at 16-17 and 18-20); **Claim Eight**: that the Court violated Defendant's Fifth and Sixth Amendment rights to be tried by an impartial jury with regard to any sentence enhancement authorized under 18 U.S.C. § 3147(1) (*id.* at 17-18); **Claim Ten**: that Mr. Baiamonte was ineffective for failing to object to the application of 18 U.S.C. § 3147 at sentencing and on appeal (*id.* at 20-23); and **Claim Eleven**: that the cumulative errors regarding Mr. Baiamonte's failure to object to the Court's instructions to the jury, failure to communicate with Defendant, and failure to request an extension of time when he became Defendant's counsel, resulted in ineffective assistance of counsel (*id.* at 24-28 and *Doc. 1-3* at 1-2). [*Doc. 39* at 2-3]. The Magistrate Judge found that all of Defendant's claims were without merit, and recommended that Defendant's motion to file supplemental authority [*Doc. 36*] be granted, and that Defendant's § 2255 motion [*Doc. 1*] and his motions for an evidentiary hearing, for discovery, and to be released to a halfway house [*Docs. 2, 7, 8, 9, 26, 30,* and *37*] be denied, and this case be dismissed with prejudice. [*Doc. 39*]. Defendant objects to the Magistrate Judge's findings regarding each of his claims. [*Doc. 40*].

Defendant first objects to the Magistrate Judge's recommendation that Defendant's claims regarding his trial counsel's (Mr. Butcher and Mr. Armijo) treatment of an alleged plea offer be denied. [*Doc. 40* at 2-5]. The Magistrate Judge recommended that these claims be denied because there is no evidence of a formal plea offer in Defendant's underlying criminal case that Defendant could either have accepted or rejected. *See* [*Doc. 39* at 6-15]. Defendant contends that the Magistrate Judge "neglected to consider the flawed calculation of the plea that [Mr.] Butcher presented to [Defendant] and his family," and also failed to consider "that Mr. Armijo has conducted informal pleas in the past as he did in [Defendant's] first case."

[*Doc. 40* at 2]. The Court agrees with the Magistrate Judge's finding that there is no evidence of a formal plea offer in this case and, absent that evidence, Defendant has failed to show any breach of duty by his trial counsel under the holdings of *Missouri v. Frye*, 132 S.Ct. 1399, 1404 (2012) or *Lafler v. Cooper*, 132 S.Ct. 1376, 1387 (2012). *See* [*Doc. 39* at 6-15]. In his objections, Defendant fails to present any evidence of a formal plea offer from the Government for Defendant to consider. Therefore, the Court finds that Defendant's objections regarding the calculation of Defendant's sentence in the plea offer that Defendant contends was presented by Mr. Butcher, or regarding how Mr. Armijo may have conducted previous plea agreements, are without merit and should be denied.

Next, Defendant contends that the Magistrate Judge erred in finding that neither of Defendant's trial counsel were ineffective for failing to consult a medical expert with regard to an alleged head injury that the victim, Ms. Shorty, sustained about a month before she died. *See* [*Doc. 40* at 5-6] and [*Doc. 39* at 16-17]. The Magistrate Judge found that Defendant failed to show a reasonable probability that the outcome of his case would have been different had his counsel consulted with a medical expert regarding Ms. Shorty's prior head injury, because Defendant failed to provide any evidence that the prior injury was significant or had any continuing effect on Ms. Shorty. *See* [*Doc. 39* at 16-17] (citing *Boyle v. McKune*, 544 F.3d 1132, 1138 (10th Cir. 2008) (finding no prejudice for counsel's allegedly unprofessional errors when no evidence was supplied to show that medical evidence to support the claimant's version of events could be secured, stating that "as easily as one can speculate about favorable testimony, one can also speculate about unfavorable testimony") (citation omitted)). In his objections, Defendant contends that there was another expert who opined about Ms. Shorty's

autopsy report (*Doc. 40* at 6), but fails to state who that expert is or provide evidence that shows a reasonable probability that the outcome of Defendant's case would have been different had his counsel consulted with the expert. The Court agrees with the Magistrate Judge that absent any evidence that an expert would have testified any differently than the Government's expert did regarding Ms. Shorty's cause of death, Defendant cannot show that he was prejudiced by his counsel's failure to consult with a medical expert. The Court, therefore, finds that this objection is without merit.

Defendant next objects to the Magistrate Judge's finding that Defendant's trial counsel was not ineffective for failing to introduce evidence that Defendant contends would have shown that Defendant committed voluntary manslaughter because he killed Ms. Shorty in a "heat of passion." [*Doc. 40* at 6-7]. The Magistrate Judge found that some of the evidence Defendant contends his counsel should have introduced was actually introduced by Defendant's counsel, and, regardless, the evidence does not support a voluntary manslaughter conviction. *See* [*Doc. 39* at 17-19]. The Court agrees with the Magistrate Judge's finding that Defendant fails to show that his trial counsel was ineffective regarding this claim because much of the evidence Defendant contends should have been presented pertains to events that happened the day before Ms. Shorty's death, and evidence introduced at trial shows that Defendant actually cooled off by the time of Ms. Shorty's death, so Defendant would not have been eligible for voluntary manslaughter treatment. *See* [*Doc. 39* at 19]. Moreover, as noted by the Magistrate Judge, evidence in the record established that Defendant was drunk when he became enraged and killed Ms. Shorty, further disqualifying him from voluntary manslaughter treatment. *Id.* The Court, therefore, finds that this objection is without merit.

Next, Defendant objects to the Magistrate Judge's findings regarding Defendant's fourth claim, which was that the Court and Defendant's trial counsel erred by failing to present to the grand jury and in the jury instructions information regarding whether Defendant and/or Ms. Shorty were "Indians" under 18 U.S.C. § 1153.  *See* [*Doc. 40* at 7-13] and [*Doc. 39* at 20-21]. Defendant contends in his objections that, while the parties presented a stipulation to the jury that Defendant and Ms. Shorty were Indians, the United States failed to make a showing of "the <u>amount</u> of Indian [b]lood [Defendant] and Ms. Shorty had."  [*Doc. 40* at 7] (emphasis in original). Defendant relies on the holding in *United States v. Bruce*, 394 F.3d 1215 (9th Cir. 2005) for his objection, stating that the United States failed to present proof of Defendant and Ms. Shorty's "blood quantum as <u>required by the 'Bruce Test.'</u>"  *Id.* (emphasis in original).  The Court finds that this objection is without merit.

In *Bruce*, the defendant contended that her indictment should have been brought pursuant to § 1153, rather than § 1152, because she was an Indian, which would make § 1152 inapplicable to her.  *See* 394 F.3d at 1217.  During the district court proceedings in *Bruce*, the defendant "repeatedly argued that she was Indian, [and] [b]efore trial, she moved to dismiss the indictment on the ground that it should have been brought under 18 U.S.C. § 1153, which applies to certain crimes by Indians, rather than § 1152, which excepts crimes by Indians against Indians."  *Id.* The Ninth Circuit found that the district court erred by failing to allow the jury to hear the defendant's defense that she was an Indian, finding that the defendant presented enough evidence of tribal recognition to permit this defense to be heard by the jury.  *Id.* at 1226-27.  In Defendant's case here, the parties stipulated that both Defendant and Ms. Shorty were enrolled members of the Navajo Nation and were "Indians" as defined by federal law, and this stipulation

was signed by Defendant.  *See* [*Doc. 39* at 20] (citing *Doc. 32-9*).  This stipulation was read at trial to the jury and admitted into evidence as Government's Exhibit 7.  *Id.* at 20 (citing *Doc. 98*, filed in Case No. CR-09-2626, at 15-17).  In addition, in the jury instructions, the jury was told that Defendant was an Indian and was charged with killing Ms. Shorty in violation of 18 U.S.C. §§ 1153 and 1111(a).  *Id.* (citing *Doc. 66*, filed in Case No. CR-09-2626, at 3 and 5).  Therefore, there was no dispute regarding Defendant's status as an Indian such that the Court's jurisdiction under § 1153 was called into question, in contrast to the facts in *Bruce*.  Moreover, the Court in *Bruce* indicated that a stipulation by a defendant that he or she was an Indian would subject that defendant to § 1153.  *See* 394 F.3d at 1228.  With regard to Defendant's contention that Ms. Shorty may not have been an Indian, that argument is also without merit because, as explained by the Magistrate Judge, § 1153 "only requires that an Indian be accused of committing the enumerated crime, not that the victim must also be an Indian."  [*Doc. 39* at 21] (citing 18 U.S.C. § 1153 ("Any Indian who commits against the person . . . of another Indian *or other person*") (emphasis added)).  The Court, therefore, finds that this objection is without merit and should be overruled.

Defendant also objects to the Magistrate Judge's findings regarding Defendant's Claims Five through Eleven, contending that the Magistrate Judge did not consider all of Defendant's arguments made under those claims.  [*Doc. 40* at 13-16].  The Court has reviewed the Magistrate Judge's findings regarding those claims and agrees with her recommendations.  Specifically, the Court finds that:

Claim Five:  Defendant claims that his trial counsel, Mr. Baiamonte, was ineffective for failing to request a jury instruction of involuntary manslaughter as a lesser included offense of the

second degree murder charge, and the Court agrees that this claim should be denied because the jury found Defendant guilty of second degree murder, even though it had the option of finding him guilty of voluntary manslaughter, so Defendant fails to explain how it would have made a difference in his case if the jury had been presented with a jury instruction for the even lesser included offense of involuntary manslaughter (*see Doc. 39* at 22-23);

Claim Six:   The Court finds that the Defendant fails to show that his counsel was objectively unreasonable by failing to investigate whether Ms. Shorty committed suicide, and fails to show that there is a reasonable probability that the outcome of his case would have been different but for his counsel's alleged error (*see id.* at 23);

Claim Seven: The Court finds that Defendant's claim that his appellate counsel was ineffective should be denied because "Defendant fails to state with any particularity what steps he thinks that his counsel should have taken and how that would have changed the outcome of Defendant's case," so the "claim is conclusory and speculative" (*id.* at 24, citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (*pro se* litigant must allege "sufficient facts on which a recognized legal claim could be based," and "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"));

Claim Eight:   The Magistrate Judge did not err in finding that Defendant's claim that his sentence was improperly enhanced under § 3147(1) is procedurally barred (*Doc. 39* at 24-26);

Claims Nine, Ten and Eleven:   The Court agrees with the Magistrate Judge that Defendant's trial and appellate counsel were not ineffective for failing to petition for a rehearing on Defendant's direct appeal (Claim Nine), for failing to object to the Court's application of 18 U.S.C. § 3147 at his sentencing and failing to raise the issue on appeal (Claim Ten), or for

cumulative errors (Claim Eleven), because Defendant fails to show that the result of his appeal would have been any different but for his counsel's alleged errors (*id.* at 26-32);

Finally, the Court finds that Defendant's motion to compel the grand jury transcripts to support his claim regarding his status as an Indian under § 1153 should be denied. *See* [*Doc. 41*]. The Court explained above that there was no error regarding Defendant's conviction under § 1153, especially in light of Defendant's stipulation that he is an Indian, and Defendant fails to show how production of these transcripts would affect the Court's findings on that claim. The Court also finds that Defendant's motion to supplement authority [*Doc. 44*] should be denied because it does not affect any of the Court's findings.

**IT IS THEREFORE ORDERED**, for the reasons stated above, that Defendant's objections to the PF&RD [*Doc. 40*] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's motion for grand jury transcripts and to supplement authority [*Docs. 41* and *44*] are **DENIED**.

**IT IS FURTHER ORDERED** that the ***Proposed Findings and Recommended Disposition*** *(Doc. 39)* and the recommendations of the Magistrate Judge regarding [*Docs. 2, 7, 8, 9, 26, 30, 36* and *37*] therein are **ADOPTED** by the Court.

**IT IS FURTHER ORDERED** that Defendant's § 2255 motion [*Doc. 1*] is **DENIED** and this case be **DISMISSED WITH PREJUDICE**, and that a final judgment be entered concurrently with this order.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**