**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

**Plaintiff/Respondent,**

**vs.** **No. CV 13-738 WJ/LAM**
**No. CR 09-2626 WJ**

**NATHAN DON JACK,**

**Defendant/Movant.**

**MEMORANDUM OPINION AND ORDER TO SHOW CAUSE**

**THIS MATTER** is before the Court on Movant Nathan Don Jack's Petition for Relief From Judgment Pursuant to Fed. R. Civ. P. 60(b)(4), (6), or (3) Because of Failure to Apply the Mandatory Consecutive Term of Imprisonment Under 18 U.S.C. § 3147, Made Judgment Void (CV Doc. 73; CR Doc. 191) ("Petition"). The Court determines that the Petition is a successive 28 U.S.C. §2255 motion filed without Tenth Circuit authorization and dismisses the Petition for lack of jurisdiction. The Court also finds that Mr. Jack has a history of abusive pro se filings challenging his conviction and will order Mr. Jack to show cause why filing restrictions should not be imposed on him.

Mr. Jack was convicted of second degree murder by a jury. (CR Doc. 71). Judgment was entered on the conviction in February 2011. (CR Doc. 82, 83). Mr. Jack's conviction and sentence were affirmed on direct appeal by the United States Court of Appeals for the Tenth Circuit on June 12, 2012. (CR Doc. 108). On August 8, 2013, Mr. Jack filed his first Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (CV Doc. 1; CR Doc. 125). The Magistrate Judge entered Proposed Findings and Recommended Decision on Mr. Jack's §

2255 Motion on April 7, 2014, recommending denial of the Motion. (CV Doc. 39; CR Doc. 160). The Proposed Findings and Recommended Decision were adopted by the District Judge and final Judgment was entered on September 4, 2014. (CV Doc. 45, 46; CR Doc. 166, 167).

Mr. Jack then filed a Motion for Reconsideration of the September 4, 2014 Judgment Pursuant to Federal Rules of Civil Procedure 59(e). The Court construed the Motion for Reconsideration as a second § 2255 motion filed without Court of Appeals' authorization and dismissed the Motion for lack of jurisdiction on December 15, 2014. (CV Doc. 54; CR Doc. 175). On December 31, 2014 Mr. Jack appealed to the Tenth Circuit Court of Appeals from the September 4, 2014 Order and Judgment and the December 15, 2014 Order dismissing the Motion for Reconsideration. (CV Doc. 55; CR Doc. 176). The Tenth Circuit dismissed Mr. Jack's appeal from the September 4, 2015 Order and Judgment on the grounds that the Motion for Reconsideration was filed too late to toll the appeal time and the appeal was untimely. The Tenth Circuit also denied a certificate of appealability as to the ruling on the Motion for Reconsideration. (CV Doc. 61; CR Doc. 182).

Mr. Jack next filed a Motion to Correct Error of the Record on February 25, 2016, contending that the Tenth Circuit's dismissal of his appeal was due to a clerical error in this Court's record. (CR Doc. 183). Finding no error in the record, the Court denied Mr. Jack's Motion on March 30, 2016. (CV Doc. 63; CR Doc. 184). Mr. Jack also appealed that ruling, and the Tenth Circuit affirmed this Court on June 28, 2016. (CV Doc. 65, 71, 72; CR Doc. 185, 190). Mr. Jack then filed his current Petition on October 28, 2016. (CV Doc. 73; CR Doc. 191). Because Mr. Jack's Petition was not filed prior to final determination of his previous 2255 motions but, instead, was filed after the Court entered its final orders and after it denied relief under rule 59(e), the Court will construe Jack's Petition as a third successive §2255 motion. *See*,

*e.g., Peach v. United States,* 468 F.3d 1269, 1270 (10th Cir. 2006).

As Mr. Jack has been notified, Section 2255 provides that a second or successive motion must be certified in accordance with § 2244 by a panel of a court of appeals to contain: (1) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h). Section 2244 requires that, before a second or successive application is filed in the district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

Mr. Jack has again filed his § 2255 motion without authorization from a court of appeals as required by § 2244(b)(3)(A). This Court lacks jurisdiction to consider his motion absent the requisite authorization. When a second or successive § 2255 motion is filed in the district court without the required authorization from a court of appeals the district court may dismiss or may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631. *See In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008).

Applying *Cline*, the Court concludes that it is not in the interests of justice to transfer this matter to the Tenth Circuit. In his Petition, Mr. Jack argues the judgment on his conviction is void because the Court did not order an additional ten year sentence under 18 U.S.C. § 3147 consecutive to the life sentence imposed for his murder conviction. (CV Doc. 73 at 17; CR Doc. 191 at 17). In order to proceed on a second or successive § 2255 motion, Mr. Jack would need to present grounds for relief based on either newly discovered evidence or a new rule of constitutional law. 28 U.S.C. § 2255(h). Mr. Jack presents neither but, instead, continues to

reargue meritless grounds that were available to him at the time he filed his first § 2255 motion. *See* CV Doc. 39 at 28-30; CR Doc. 161 at 28-30; *United States v. Williams,* 480 Fed. App'x 503, 504-05 (10th Cir. 2012). In the absence of newly discovered evidence or a new rule of constitutional law, the issue raised in Mr. Jack's Petition is time-barred under 28 U.S.C. § 2255(h). Moreover, it is difficult to see how any failure to impose an additional ten years on his life sentence resulted in prejudice to Mr. Jack or would otherwise support relief under § 2255. *United States v. Shea,* 493 Fed. App'x 792, 795 (7th Cir. 2012) (finding that no plain error when the court's application of sentencing enhancements did not affect the defendant's guidelines range). The Court determines it is not in the interests of justice, declines to transfer, and will dismiss this matter for lack of jurisdiction. *In re Cline,* 531 F.3d at 1252.

The Court also determines, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Cases and 28 U.S.C. § 2253(c)(2), that Mr. Jack has failed to make any substantial showing that he has been denied a constitutional right. The Court will deny a certificate of appealability.

Last, Mr. Jack may not abuse the judicial process by filing unauthorized second or successive § 2255 motions in the guise of post-judgment procedural motions. Yet, despite being advised that his filings are improper, he continues to do so. "T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir.1989) (citations omitted) (per curiam). District courts have the inherent power to regulate filings of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances. *Andrews v. Heaton,* 483 F.3d 1070, 1077 (10th Cir.2007) (citing *Sieverding v. Colo. Bar Ass'n,* 469 F.3d 1340, 1343 (10th Cir.2006); *Tripati v. Beaman*, 878 F.2d at 352).

The court has the discretion to place reasonable restrictions on any litigant who submits

non-meritorious filings or generally abuses the judicial process. *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981). These restrictions may impose limitations or conditions on future filings. Restrictions on further filings are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant may do to obtain permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented. *Tripati*, 878 F.2d at 353-54; *Andrews*, 483 F.3d at 1077; *U.S. v. DeWilliams*, 612 Fed. App'x 489 (10th Cir. 2015). Mr. Jack has the right to notice and to oppose in writing the imposition of future restrictions. *See Tripati*, 878 F.2d at 354.

Based on the history of the underlying criminal action and his subsequent post-conviction submissions, the court finds that Mr. Jack has a documented history of filing second and successive § 2255 motions without the mandatory authorization. This history demonstrates that the imposition of filing restrictions is warranted. Therefore, the court will order Mr. Jack to show cause within thirty (30) days of entry of this Memorandum Opinion and Order why he should not be prohibited from submitting any new filings in the United States District Court for the District of New Mexico challenging his criminal conviction in No. CR 09-02626 WJ without the representation of a licensed attorney admitted to practice in the United States District Court for the District of New Mexico unless he obtains permission from the court to proceed *pro se.* In order to obtain permission to proceed *pro se,* Mr. Jack will be directed to take the following steps:

1. File with the clerk of this court a motion requesting leave to file a *pro se* proceeding challenging his conviction in No. CR 09-02626 WJ.

2. Include in the motion requesting leave to file a *pro se* action challenging his conviction in No. CR 09-02626 WJ the following information:

   A. A copy of the Tenth Circuit authorization to file a second or successive § 2255 motion as required by 28 U.S.C. §§ 2244(3)(A) and 2255(h).

B. A statement of the legal issues to be raised in the proposed new pleading and whether he has raised the same issues in other proceedings in the District of New Mexico. If so, he must cite the case number and docket number where the legal issues previously have been raised.

3. Submit the proposed new pleading to be filed *pro se* challenging his criminal conviction in No. CR 09-02626 WJ.

Any motion requesting leave to file a *pro se* action challenging the criminal conviction in No. CR 09-02626 WJ and the proposed new pleading shall be submitted to the Clerk of the Court, who shall file and forward them for review to the sentencing judge, or another judge assigned to the case. If the motion requesting leave to file a *pro se* action is denied, the matter will be dismissed. If the motion requesting leave to file a *pro se* action is granted, the case will proceed in accordance with the Federal Rules and the Local Rules of the United States District Court for the District of New Mexico. Any filing submitted by Mr. Jack that does not comply with these restrictions will be returned to Mr. Jack by the Clerk without filing or submission to the Court.

**IT IS THEREFORE ORDERED** as follows:

1. The Petition for Relief From Judgment Pursuant to Fed. R. Civ. P. 60(b)(4), (6), or (3) Because of Failure to Apply the Mandatory Consecutive Term of Imprisonment Under 18 U.S.C. § 3147, Made Judgment Void (CV Doc. 73; CR Doc. 191) is **DISMISSED** for lack of jurisdiction;

2. Under 28 U.S.C. § 2253(c)(2) and Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a certificate of appealability is **DENIED;**

3. Within thirty (30) days after entry of this Memorandum Opinion and Order the Movant, Nathan Don Jack, **SHALL SHOW CAUSE** in writing why he should not be prohibited from making new filings challenging his criminal conviction in No. CR 09-02626 WJ without the representation of a licensed attorney admitted to practice in the United States District Court

for the District of New Mexico unless he obtains the permission of the court to proceed *pro se* by completing the above specified steps.

UNITED STATES DISTRICT JUDGE