# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

————————————

**UNITED STATES OF AMERICA**,

      Plaintiff,

      v.                                 Criminal No. 09-2626-WJ

**NATHAN JACK**,

      Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING REQUEST FOR COMPASSIONATE RELEASE

**THIS MATTER** comes before the Court upon inmate Nathan Jack's *pro se*[1] Motion for Compassionate Release (**Doc. 208**) and the United States' Response (**Doc. 212**). The Court, having reviewed the pleadings and applicable law, concludes the circumstances presented by Jack do not rise to the extraordinary and compelling level required by statute. His request for a compassionate release is **DENIED**.

## BACKGROUND

On August 10, 2009, Jack was charged with murder by way of a criminal Complaint (**Doc. 1**). A few weeks later, he was indicted for the same offense (**Doc. 12**). The charges stem from Jack's killing of Jessica Shorty on August 9, 2009, in Indian Country (on the Navajo Nation). *See* **Doc. 1 at 2–4**; *see also* **Doc. 79 at 5–6**. At trial, the United States proved that Jack deliberately and intentionally attacked Ms. Shorty. Jack beat Ms. Shorty and shoved dirt into her mouth (resulting in her death by asphyxiation). **Doc. 79 at 4–6**. The jury return a guilty verdict (**Doc. 71**).

---

[1] Because Jack appears *pro se*, the "rule of liberal construction" applies—meaning the Court must construe his pleading generously (without, however, assuming the role of advocate). *United States v. Hernandez*, 627 F.3d 1331, 1335 (10th Cir. 2010) (Holmes, J.).

The Judgment was entered in February 2011 (**Docs. 82 & 83**). Jack was sentenced to "life incarceration." **Doc. 83 at 2**.

Jack's conviction and sentence[2] were affirmed on direct appeal by the United States Court of Appeals for the Tenth Circuit (**Doc. 108**). *See United States v. Jack*, 483 F. App'x 427 (10th Cir. 2012) (unpublished).

Since that time, Jack has filed numerous other motions—none of which were fruitful. *See, e.g., United States v. Jack*, 630 F. App'x 858 (10th Cir. 2015) (unpublished) (dismissing Jack's habeas appeal and denying a COA); *United States v. Jack*, 667 F. App'x 689 (10th Cir. 2016) (unpublished) (affirming the district court's denial of Jack's motion to alter or amend the Judgment under Rule 59); *United States v. Jack*, 692 F. App'x 505 (10th Cir. 2017) (unpublished) (denying Jack a COA, dismissing the appeal, and affirming the filing restrictions).

Undeterred, Jack now seeks a compassionate release (**Doc. 208**).

## DISCUSSION

In this latest filing (**Doc. 208**), Jack lists two justifications for his compassionate release: (1) first, "Primary Caregiver," and (2) second, "excessive sentence compared to today's sentences." *Id.* **at 2**.

The United States "urges the Court to deny [Jack's] request."[3] **Doc. 212 at 1**. For starters, the United States argues Jack did not exhaust his administrative remedies. *Id.* **at 5–6**; *see also*

---

[2] "Jack's presentence investigation report (PSR) identified the adjusted offense level as 41, reflecting the addition of the 3-level release enhancement, *see* USSG § 3C1.3, to the base offense level of 38, *see id.* § 2A1.2(a). Because Jack had a category II criminal history, the resulting guidelines sentence was 360 months to life imprisonment. The district court sentenced Jack to life." 692 F. App'x at 507.

[3] The United States actually "urges the Court to deny Defendant's request without an evidentiary hearing." **Doc. 212 at 1**. On this point, there is no requirement for this Court to hold an evidentiary hearing. *United States v. Hemmelgarn*, 15 F.4th 1027, 1032 n.3 (10th Cir. 2021); *see also United States v. Pinson*, 835 F. App'x 390, 395 n.6 (10th Cir. 2020) (unpublished). Especially when, as here, no factor important to the decision is "reasonably in dispute." *United States v. Piper*, 839 F.3d 1261, 1270 (10th Cir. 2016). The Court will not hold a hearing.

**Docs. 212-2 & 212-3**. Next, the United States argues that Jack "has failed to meet the extraordinary and compelling standard for release." **Doc. 212 at 1**. Finally, the United States explains that "the nature of his criminal convictions and offense conduct in the case" show that Jack's release is not warranted. ***Id.***

## I. Compassionate Release Legal Standard

A motion for compassionate release may be granted if: (1) extraordinary and compelling reasons warrant a sentence reduction; (2) the sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the Court considers the § 3553(a) factors, to the extent they are applicable. *See United States v. Wesley*, 60 F.4th 1277, 1282 (10th Cir. 2023); *see also United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).[4] Before granting compassionate release, a district court must "'address all three steps.'" *United States v. Hald*, 8 F.4th 932, 938 (10th Cir. 2021) (Hartz, J.) (quoting *McGee*, 992 F.3d at 1043).

That being said, a district court may deny a compassionate release for any of the above-mentioned reasons without addressing the others. *See United States v. Bradley*, 97 F.4th 1214, 1218 (10th Cir. 2024) (quoting *McGee*, 992 F.3d at 1043); *see also United States v. Soto*, 2022 U.S. App. LEXIS 28634, at *2 (10th Cir. Oct. 14, 2022) (unpublished) (Hartz, J.) ("A district court may . . . deny a motion for compassionate release if any one of [the three requirements] is not met.").

## II. Jack's Request for Compassionate Release

Jack has not exhausted his administrative remedies. But even if he had, the Court does not find the two justifications presented in the Motion (**Doc. 208 at 2**) constitute extraordinary and

---

[4] There is a preliminary requirement, too. A court may grant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) only if the defendant has exhausted his administrative rights. *See* 18 U.S.C. § 3582(c)(1)(A). This exhaustion requirement is not jurisdictional, though. *Hemmelgarn*, 15 F.4th at 1031.

compelling circumstances exist. Finally, the Court notes that the § 3553(a) factors weigh heavily against compassionate release.

### A. *Exhaustion of administrative rights*

This Court cannot modify Jack's term of imprisonment unless he has exhausted his administrative rights. 18 U.S.C. § 3582(c)(1)(A); First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Jack states that he "served a request for Compassionate Release to the Warden of USP Beaumont Texas on April 28, 2004," **Doc. 208 at 1**.

But there is no proof of this. In fact, the United States provides proof that no Bureau of Prisons records were ever generated by Jack requesting a compassionate release. *See* **Docs. 212-2 & 212-3**. The Court finds that Jack has not exhausted his administrative rights.[5]

Importantly, the United States argues exhaustion. *See* **Doc. 212 at 5–6**. And, in the Tenth Circuit, this exhaustion requirement is a "mandatory claim-processing rule" that must be enforced whenever it's invoked by the United States. *Hemmelgarn*, 15 F.4th at 1030–31. Jack's motion could be denied on this point alone—as his request for compassionate release is not ripe for review. Nevertheless, the Court proceeds to the merits.

### B. *Absence of extraordinary and compelling reasons*

The Sentencing Guidelines' policy statement on compassionate release lists six circumstances that qualify as "extraordinary and compelling reasons." *See* USSG §§ 1B1.13(b)(1)–(6). Relevant here are subparagraphs (b)(3) discussing the death or incapacitation in the inmate's family, and (b)(6) describing an inmate who received "an unusually long sentence and has served at least 10 years of the term of imprisonment." *Id.*

---

[5] The first page of the Motion submitted by Jack is dated May 29, 2024 (**Doc. 208 at 1**). To his credit, the substance of the Motion is addressed to the Warden, *id.* **at 2**, and is dated April 27–28, 2024 (*id.* **at 8**). But the fact Jack stylized his request in this way does not overcome the email exchanges from prison staff stating that he never filed a compassionate release request. *See* **Docs. 212-2 & 212-3**.

### 1. Primary caregiver under USSG § 1B1.13(b)(3)

Jack first argues that compassionate release is appropriate because he "need[s]" to "provide emotionally, spiritually, and financially" for his three children (**Doc. 208 at 3**). On it's face, this request falls into USSG § 1B1.13(b)(3). The following family circumstances are considered extraordinary and compelling:

> (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
> (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
> (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
> (D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

USSG § 1B1.13(b)(3)(A)–(D). According to Jack, his "Grandfather Johnny Jack" passed away at some point over the last fourteen years (**Doc. 208 at 3**). This grandfather was the caregiver to Jack's daughters. ***Id.***

This is not compelling (for a few reasons). In Jack's motion, he lists his daughters' ages as 21, 19, and 16 (**Doc. 208 at 3**). Only one daughter is a minor child under USSG § 1B1.13(b)(3)(A). But Jack does not argue that his grandmother (who is "still alive [and] in her late seventies," ***id.***) is unable to take care of the minor child. Nor does Jack argue that his adult children are incapable of caring for their minor sister.

The United States aptly points out that Jack "offers no information about these girls' current living station in life." **Doc. 212 at 6**. When Jack killed Ms. Shorty—the children's

mother—the girls were aged 6, 3, and 1. *Id.* (citing PSR at ¶ 53). But a compassionate release now—when two of his three children have reached the age of majority—is inappropriate. Jack has not provided evidence of any changed circumstances regarding his children's care. *See United States v. Duran*, 2024 U.S. App. LEXIS 17368, at *6 (10th Cir. July 16, 2024) (unpublished). Jack has failed to demonstrate "death or incapacitation" of the sixteen-year-old child's caregiver. Thus, based on the record before the Court, he is not entitled to compassionate release.

Jack cannot avail himself of USSG § 1B1.13(b)(3)(B) because he murdered his children's mother (**Docs. 78, 79, 212**).

Jack's desire for compassionate release to "help with chores" or tend to his mother's farm (**Doc. 208 at 3**) does not fit into USSG § 1B1.13(b)(3)(C). *See United States v. Pepper*, 851 F. App'x 890, 891 (10th Cir. 2021) (unpublished) (affirming the district court's conclusion that "[p]etitioner's desire to care for his aging parents and their farm did not constitute an extraordinary and compelling reason"). The Guidelines do not contemplate release for such trivial matters.

In sum, the Court agrees with the United States. Jack "has not explained why any of his assertions amount to extraordinary and compelling circumstance[s]." **Doc. 212 at 7**. Finally, considering that Jack brutally murdered his children's mother in their presence, the Court is at a real loss to understand how Jack can now provide emotional and spiritual support for his children.

### 2. Unusually long sentence under USSG § 1B1.13(b)(6)

Next, Jack argues his sentence was excessive (**Doc. 208 at 3–4**). The Court construes this as an invocation of USSG § 1B1.13(b)(6).[6] But this gets Jack nowhere. There has not been "a

---

[6] The Court construes this section of Jack's motion as seeking a compassionate release for an unusually long sentence even though he alleges there was "a missapplication [sic] of the United States Guidelines." **Doc. 208 at 4**.

Such an attack *could* be construed as a § 2255 petition—but the result would be that Jack filed a second or successive habeas petition. This is not allowed without prior authorization from the Tenth Circuit. But the Tenth Circuit has already addressed this grievance. *See* Jack, 692 F. App'x at 507–09. Plus, his one-

change in the law" that "produce[s] a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion [was] filed." USSG § 1B1.13(b)(6). The United States correctly notes that "[Jack] fails to point out a retroactive guideline." **Doc. 212 at 8**.

Back when Jack was sentenced, his total offense level was 41 and his criminal history category was II (**Doc. 79 at 1**). *See also Jack*, 692 F. App'x at 507 ("Jack's presentence investigation report (PSR) identified the adjusted offense level as 41 . . . [and he had] a category II criminal history."). Today, applying those paraments, the advisory Guidelines range is still 360 months to life.

Jack's collateral attack on his sentence focuses on 18 U.S.C. § 3147 and USSG § 3C1.3. Jack has raised this argument in numerous prior filings but has refused to comply with the procedural requirements of § 2255 despite repeated notices and warnings from the Court. *See United States v. Jack,* 13-cv-738, at **Doc. 74**. As a consequence, Jack is currently under filing restrictions in this District that prohibit him from collaterally attacking his conviction and sentence without prior leave of the Court. *See United States v. Jack*, 2016 U.S. Dist. LEXIS 181956 (D.N.M. Nov. 21, 2016), *aff'd* 692 F. App'x 505 (10th Cir. 2017) (unpublished). The Court views Jack's attempt to embed the § 3147 argument in a compassionate release motion to be a deliberate circumvention of the Court's filing restrictions.[7] The Court will not tolerate further violations of

---

year period under § 2255 has long expired. When, like here, it "plainly appears from the [§ 2255] motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief," therefore the Court "must dismiss" the motion. *See* Habeas Corpus Rule 4(b). There can be no debate among reasonable jurists as to the Court's conclusions that (1) Jack's would-be § 2255 motion is untimely.

In conclusion, if the Court construed this aspect of the compassionate release request as a § 2255 habeas filing, Jack's PSR issue would have to be **DISMISSED without prejudice** for lack of jurisdiction. A certificate of appealability would also have to be **DENIED** under Habeas Corpus Rule 11—as this Memorandum Opinion and Order is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In light of these flaws, the Court declines to construe Jack's allegations as asserting a § 2255 habeas corpus claim.

[7] As the Tenth Circuit previously stated, "Jack has repeatedly circumvented the rules for filing second or successive § 2255 motions. And he has done so to advance an incoherent argument premised on some

its filing restrictions and may consider additional sanctions if Jack seeks to submit future filings collaterally attacking his conviction or sentence.

* * *

In sum, the Court finds Jack did not demonstrate extraordinary and compelling circumstances that warrant a compassionate release.

### C. *Section 3553(a) factors*

Having determined that Jack did not present extraordinary and compelling reasons warranting compassionate release, the Court is not required to consider the § 3553(a) factors. Suffice it to say, the Court's application of the sentencing factors weighs heavily against release.

The nature and circumstances of the offense are "particularly serious." **Doc. 92 (Sentencing Hrg. Tr. at 27:5)**. Regarding Jack's history and characteristics, at sentencing the Court noted that he was a "violent man." **Sentencing Hrg. Tr. at 27: 12**. The seriousness of the offense and the need to promote respect for the law warranted "a sentence on the higher end of the guidelines." *Id.* **at 28:6–12**. The life sentence also "afford[s] adequate deterrence." *Id.* **at 28:18–24**. As the Court said back then: "The facts and circumstances relating to this crime were particularly brutal." *Id.* **at 29:18–19 & 30:18–19**.

All this to say, despite Jack's desire to be released early, the § 3553(a) factors still support the originally imposed sentence of life imprisonment. *See* **Doc. 212 at 9**.

## III. Miscellaneous Provisions

The remainder of Jack's motion discusses his: (1) education, (2) work history, (3) acceptance of responsibility, and (4) re-entry plan. *See* **Doc. 208 at 5–7**. None of these paragraphs warrant discussion or relief.

---

vague, mutational theory that he could not be sentenced to life for murdering Shorty unless he was also given a consecutive § 3147 sentence for murdering her while on release." 692 F. App'x at 510.

* * *

Because Jack filed his pleadings *pro se*, the Court construed each of his arguments liberally. But even so, no relief is warranted.[8]

## CONCLUSION

The Court concludes that: (1) Jack did not exhaust his administrative remedies, (2) the circumstances presented do not rise to the extraordinary and compelling level needed to grant a compassionate release, and (3) the § 3553(a) factors way heavily against granting the request.

**IT IS THEREFORE ORDERED** that Jack's *pro se* Motion for Compassionate Release (**Doc. 208**) is **DENIED**. The life sentence imposed (**Doc. 83**) on February 15, 2011, remains in effect.

/s/

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[8] At the end of his Motion, Jack requests his sentence be reduced from life to "a reasonable guideline range of 360 to 447 months or release him to care for his family." **Doc. 208 at 8**. The Court declines both requests.