IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.                                                                                                                                           Criminal No. 09-2626-WJ

**NATHAN JACK**,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**DISMISSING *PRO SE* MOTION FOR SENTENCE REDUCTION**

**THIS MATTER** comes before the Court upon inmate Nathan Jack's *pro se*[1] "3582 Motion for The Two Point Reduction in the Criminal History Category," filed October 2, 2024 (**Doc. 216**). After reviewing the filing and applicable law, the Court finds it lacks jurisdiction to modify Jack's sentence. His request for a sentence reduction is **DISMISSED without prejudice**.

**BACKGROUND**

Jack was charged with murdering Jessica Shorty in Indian Country (on the Navajo Nation). *See* **Docs. 1 & 12**. A jury unanimously found him guilty, as charged (**Doc. 71**). Prior to sentencing, Probation issued a Presentence Investigation Report ("PSR").[2] The PSR calculated Jack's base offense level as 38—and he received a three-point enhancement for obstruction under USSG § 3C1.3. **PSR at ¶¶ 32 & 36**. His total offense level was 41.

---

[1] Because Jack appears *pro se*, the "rule of liberal construction" applies—meaning the Court must construe his pleading generously (without, however, assuming the role of advocate). *United States v. Hernandez*, 627 F.3d 1331, 1335 (10th Cir. 2010) (Holmes, J.). As such, the Court construes Jack's filing as a motion for a sentence reduction under Amendment 821 and 18 U.S.C. § 3582(c)(2).

[2] This case is fifteen years old, so the PSR is not on CM/ECF. To quote U.S. District Judge James Browning: "In the old days, the United States Probation Office did not file the Presentence Investigation Report with the Court on CM/ECF." *United States v. Wilkerson*, 495 F. Supp. 3d 1232, 1238 n.1 (D.N.M. 2020).

1

Additionally, the PSR attributes three criminal history points to Jack based on a prior conviction—resulting in a criminal history category of II. *Id.* at ¶¶ **44 & 45**. Based on "the total offense level of 41 and a criminal history category of II," **PSR at ¶ 69**, Jack's advisory Guidelines imprisonment range was "360 months to life imprisonment." *Id.*

This Court sentenced Jack to life in prison—and the Judgment was entered in February 2011 (**Docs. 82 & 83**). On appeal, the United States Court of Appeals for the Tenth Circuit[3] affirmed Jack's conviction and sentence (**Doc. 108**). *See United States v. Jack*, 483 F. App'x 427 (10th Cir. 2012) (unpublished).

In this latest filing, Jack seeks relief under Amendment 821 based on an alleged change in his criminal history score. He asks the Court to "lower his criminal history points" and find that his new sentencing range is "324–405 months." **Doc. 216 at 1**. But, as explained below, no such change exists.

## DISCUSSION

Amendment 821 provides sentencing relief based on new criminal history calculations. In Part A, the Commission altered the "status points" provision. Under prior versions of USSG § 4A1.1(d) (2010 ed.), two points were added if a defendant committed the instant offense while under a criminal justice sentence. Now, just one point is added—but only if the defendant receives seven or more criminal history points. *See* USSG §§ 4A1.1(e) (2023 ed.). Part B provides a two-level reduction for defendants with zero criminal history points *if* the ten prerequisites are satisfied. *See* USSG § 4C1.1(a)(1)–(10). Importantly, these changes were retroactive (meaning they provide

---

[3] Three more of Jack's cases have made their way to the Tenth Circuit—*see, e.g., United States v. Jack*, 630 F. App'x 858 (10th Cir. 2015) (unpublished) (dismissing Jack's habeas appeal and denying a COA); *United States v. Jack*, 667 F. App'x 689 (10th Cir. 2016) (unpublished) (affirming denial of Jack's motion to alter or amend the Judgment under Rule 59); *United States v. Jack*, 692 F. App'x 505 (10th Cir. 2017) (unpublished) (denying Jack a COA, dismissing the appeal, and affirming the filing restrictions).

courts with a valid statutory reason to modify a sentence). *See* U.S. SENT'G GUIDELINES MANUAL AMEND. 821 (U.S. Sent'g Comm'n 2023); 88 Fed. Reg. 28254 (May 3, 2023); 28 U.S.C. § 994(o); 18 U.S.C. § 3582(c)(2).

Despite the Amendment's retroactivity, a criminal defendant must still be eligible for relief. If a defendant is ineligible, then this Court (and any court) lacks the ability to modify the sentence. *United States v. Hald*, 8 F.4th 932, 944 (10th Cir. 2021); *United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014); *United States v. Womack*, 883 F.3d 1237, 1242 (10th Cir. 2016).

In his motion, Jack claims that he was "under supervised release"—meaning his criminal history points should drop from "three to one." **Doc. 216 at 1**. That would be true *if* he received status points under USSG § 4A1.1(d) (2010 ed.). But he didn't. Rather, Jack received three points under USSG § 4A1.1(a) (2010 ed.) for a "sentence of imprisonment exceeding one year and one month." *See* **PSR at ¶¶ 44 & 45**. Because his criminal history score was based on a prior conviction and not status points, Amendment 821 did not alter his criminal history category.

In that previous case, Jack pleaded guilty to assault resulting in serious bodily injury in Indian Country. *See* **Docs. 37–39** (Case No. 08-cr-355). In July 2009, the Court sentenced Jack to eighteen months imprisonment. *See* **Doc. 44** (Case No. 08-cr-355). Judgment was entered on July 17, 2009, and voluntary surrender was permitted. *Id.* Within a month, however, Jack committed the instant offense when he murdered Jessica Shorty.

Again, Jack did not receive status points—making him ineligible for a sentence reduction under Part A. Additionally, he is not a zero-point offender under Part B. This means the Court does not have the authority to modify Jack's sentence. *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997) ("A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."). The Court's conclusion that Jack

is ineligible for a sentence reduction is also fatal to its subject matter jurisdiction. *See White*, 765 F.3d at 1250; *United States v. Warren*, 22 F.4th 917, 926 (10th Cir. 2022); *United States v. Rodriguez-Dimas*, 651 F. App'x 819, 821 (10th Cir. 2016) (unpublished).

Because the Court lacks jurisdiction to adjudicate this motion, there is no need to discuss the § 3553(a) factors.

## FILING RESTRICTIONS

Finally, the Court notes that Jack has filed three motions and one letter in the last year (**Docs. 206, 207, 208, 216**). The Court reminds Jack of its previous Order (**Doc. 198**) imposing filing restrictions regarding challenges to his criminal conviction. *See also Jack*, 692 F. App'x 505 (affirming the filing restrictions). A court may impose reasonable restrictions on a litigant who submits non-meritorious filings or generally abuses the judicial process. *See Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981); *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006); *Andrews v. Heaton*, 483 F.3d 1070, 1077–78 (10th Cir. 2007).

No doubt, Jack has a "history of abusive *pro se* filings." **Doc. 192 at 1**. His Motion for Compassionate Release (**Doc. 208**) came very close to violating these restrictions. *See* **Doc. 213 at n.6** (explaining how Jack's attack on the USSGs "*could* be construed as a § 2255 petition"). And although his Motion for a Sentence Reduction (**Doc. 216**) is not a collateral attack—as prohibited by **Doc. 198**—it is frivolous. Therefore, the Court (once again) advises Jack as follows:

Restrictions on further filings are appropriate where (1) the litigant's lengthy and abusive history[4] is set forth; (2) the Court provides guidelines as to what the litigant may do to obtain

---

[4] The Court did not outline Jack's entire filing history (because it has done so in previous opinions and orders). *See* **Docs. 192 & 198**; *see also* n.3 (discussing his appeals). Suffice it to say, the Court reviewed the docket and determined Jack has filed dozens of motions since the entry of Judgment in 2011. Even excluding notices of appeals and motions to proceed in forma pauperis, the list of Jack's filings is lengthy. *See* **Docs. 110, 112, 118, 121, 123, 125, 128, 129, 130, 143, 148, 149, 152, 154, 156, 157, 158, 161, 162, 164, 165, 169, 171, 174, 183, 191, 193, 206, 208, 215, 216**; *see also* **Docs. 115 120, 207** (letters).

permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the Court's order before it is implemented. Based on Jack's post-conviction submissions, the Court finds that he has a documented history of filing frivolous motions. *See supra* n.4. His abusive and repetitive filings have "strained the resources of this court." *In re Winslow*, 17 F.3d 314, 315 (10th Cir. 1994). That being said, Jack has the right to be afforded notice and also to oppose, in writing, the imposition of future restrictions. *Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989).

Therefore, the Court will order Jack to show cause within thirty (30) days of entry of this Memorandum Opinion and Order why he should not be prohibited from submitting any new filings in the United States District Court for the District of New Mexico seeking early release and/or a sentence reduction from the life sentence imposed in case number 09-CR-2626-WJ without either: (1) the representation of a licensed attorney admitted to practice in the District, or (2) permission from the Court to proceed *pro se*.

To obtain permission to proceed *pro se*, Jack is directed to take the following steps:

1. File with the Clerk of Court a motion requesting leave to file a *pro se* motion seeking early release and/or a sentence reduction in case number 09-CR-2626-WJ.

2. Include in the motion requesting leave to file a *pro se* action seeking early release and/or a sentence reduction in case number 09-CR-2626-WJ the following information:

> A. A statement of the legal issues to be raised in the proposed new pleading and whether he has raised the same issues in other proceedings in the District of New Mexico. If so, he must cite the case number and docket number where the legal issues previously have been previously raised.

3. Submit the proposed new *pro se* filing seeking early release and/or a sentence reduction in case number 09-CR-2626-WJ.

---

In light of the above list—as well as the Court's knowledge of the docket—it is clear that the requirement to "recount[] [Jack's] lengthy, abusive filing history" has been satisfied. *Parker v. Crow*, 840 F. App'x 384, 385 (10th Cir. 2021) (unpublished).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Jack's *pro se* Motion (**Doc. 216**) for a sentence reduction is **DISMISSED without prejudice** for lack of subject matter jurisdiction. The life sentence imposed (**Doc. 83**) on February 15, 2011, remains in effect.

**IT IS FURTHER ORDERED** that within thirty (30) days after entry of this Memorandum Opinion and Order, Nathan Jack, **SHALL SHOW CAUSE** in writing why he should not be prohibited from making new filings seeking early release and/or a sentence reduction in case number 09-CR-2626-WJ without either: (1) the representation of a licensed attorney admitted to practice in the District, or (2) permission from the Court to proceed *pro se*, subject to the above specified steps.

**IT IS SO ORDERED.**

/s/
_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE