IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

      Plaintiff,

  v.                                                    Criminal No. 09-2626-WJ

**NATHAN JACK**,

      Defendant.

### MEMORANDUM OPINION AND ORDER
### DENYING DEFENDANT'S MOTION TO EXPAND THE RECORD
### and REAFFIRMING PRIOR RULINGS

**THIS MATTER** comes before the Court upon inmate Nathan Jack's *pro se*[1] "Supplement" to his Amendment 821 Request (**Doc. 220**) as well as a Motion to "expand the record" in his compassionate release request (**Doc. 221**). On September 23, 2024, this Court denied (**Doc. 213**) Jack's compassionate release request (**Doc. 208**). Then, on October 28, 2024, the Court dismissed (**Doc. 218**) his Amendment 821 request (**Doc. 216**).

After reviewing the filings and applicable law, the Court stands by its earlier decisions that: (1) the circumstances presented by Jack do not rise to the extraordinary and compelling level required by statute, and (2) it still lacks jurisdiction to modify Jack's sentence. The prior rulings of this Court remain in place, and Jack's request that the Court "order" the Bureau of Prisons ("BoP") to release "all psychology files and education files," **Doc. 221 at 1**, is **DENIED**. So, too, is his request for a hearing.

---

[1] Because Jack appears *pro se*, the "rule of liberal construction" applies—meaning the Court must construe his pleading generously (without, however, assuming the role of advocate). *United States v. Hernandez*, 627 F.3d 1331, 1335 (10th Cir. 2010) (Holmes, J.).

1

## SUMMARY OF PRIOR OPINIONS

### I. Denial of Compassionate Release Motion (Doc. 213)

In a prior Memorandum Opinion and Order, the Court reasoned:

> Jack has not exhausted his administrative remedies. But even if he had, the Court does not find the two justifications presented in the Motion (**Doc. 208 at 2**) constitute extraordinary and compelling circumstances exist. Finally, the Court notes that the § 3553(a) factors weigh heavily against compassionate release.

**Doc. 213 at 3–4**. The Court noted there was "no proof" of Jack's purported exhaustion. *Id.* at 4. And given that the United States argued exhaustion, *see* **Doc. 212 at 5–6**, the "mandatory claim-processing rule" was enforced. ***See id.*** (citing *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021)).

Despite the exhaustion issue, the Court evaluated the merits of Jack's motion—and determined the reasons presented were not "extraordinary and compelling." **Doc. 213 at 4–8**.

First, the Court explained that Jack's need to "provide emotionally, spiritually, and financially" for his three children was unavailing. **Doc. 213 at 5** (quoting **Doc. 208 at 3**). The Court construed this request as being rooted in USSG § 1B1.13(b)(3). In so doing, the Court explained "a compassionate release now—when two of his three children have reached the age of majority—is inappropriate." **Doc. 213 at 6**. This was especially true given that Jack provided no evidence of changed circumstances regarding his children's care. *See id.* The Court also pointed out that Jack's request for a compassionate release to take care of his children was meritless because he "murdered his children's mother." *Id.* (citing **Docs. 78, 79, 212**).

Next, the Court disposed of Jack's argument that his sentence was excessive under USSG § 1B1.13(b)(6). *See* **Doc. 213 at 6–8**. But there was no "change in the law." Thus, the Court concluded this basis was also without merit.

Finally, the Court focused on the § 3553(a) factors. *See* **Doc. 213 at 8**. Weighing against his requested compassionate release were: (1) the nature and circumstances of the offense, (2) Jack's history and characteristics, (3) the seriousness of the offense, and (4) the need to promote respect for the law. *Id.*

## II. Dismissal of Amendment 821 Motion (Doc. 218)

The Court dismissed Jack's Amendment 821 motion because:

> Jack did not receive status points—making him ineligible for a sentence reduction under Part A. Additionally, he is not a zero-point offender under Part B. This means the Court does not have the authority to modify Jack's sentence. *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997) ("A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization.").

**Doc. 218 at 3**. Although Jack claims he was "under supervised release," this is incorrect. He did not receive status points under USSG § 4A1.1(d) (2010 ed.). Instead, he received three points under USSG § 4A1.1(a) (2010 ed.) for a "sentence of imprisonment exceeding one year and one month." *See* **PSR at ¶¶ 44 & 45**.

The Court concluded that it lacked jurisdiction given Jack's ineligibility under Amendment 821. *See* **Doc. 218 at 4**; *see also United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014); *United States v. Warren*, 22 F.4th 917, 926 (10th Cir. 2022); *United States v. Rodriguez-Dimas*, 651 F. App'x 819, 821 (10th Cir. 2016) (unpublished).

## DISCUSSION

On November 6, 2024, Jack filed a Supplement to his Motion for a Sentence Reduction under Amendment 821 (**Doc. 220**) and a Motion to "expand the record" in his compassionate release request (**Doc. 221**). The Court addresses each.

First, the Supplement to his Amendment 821 Motion is simply a printout of eleven pages of medical records. These records do not demonstrate his eligibility for sentencing relief based on

3

a new criminal history calculation—as required. There is also no requested relief. To that end, the Court need no take any action on this "Supplement" (other than acknowledge receipt). As mentioned above, this filing does not alter the Court's dismissal his prior motion (**Doc. 216**).

Next, in his Motion to "Expand the Record" (**Doc. 221**), Jack asks this Court to order the BoP to produce records. The Court declines to do so for two reasons.

For starters, in the prior Memorandum Opinion and Order, the Court found: (1) Jack has not exhausted his administrative remedies, (2) extraordinary and compelling circumstances did not exist, and (3) the § 3553(a) factors weigh heavily against compassionate release. *See* **Doc. 213 at 4–8**. Jack failed each prong—and new records would not undermine the Court's prior analysis. Plus, the Court's decision was not based on "[Jack's] four Disciplinary Reports," **Doc. 221 at 2**. Neither did the Court deny Jack's compassionate release request because it doubted "that [he] is a hard worker." *Id.* Thus, there is no conceivable way that "Jack's conduct in these two departments will overshadow," *id.*, a factor the Court did not contemplate in denying his request.

Additionally, rehabilitation alone is not an extraordinary and compelling reason for relief. *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). Given this statutory backdrop, Jack has not explained how this sought after information is relevant to his compassionate release motion (especially given that the motion was already denied). The scope of the record is sufficient—and the Court will not order the BoP to produce any records.

\* \* \*

Finally, there is no requirement for this Court to hold an evidentiary hearing on Jack's motion for compassionate release—let alone on a motion to expand the record in an already ruled upon compassionate release request. *See Hemmelgarn*, 15 F.4th at 1032 n.3; *see also United States*

4

*v. Pinson*, 835 F. App'x 390, 395 n.6 (10th Cir. 2020) (unpublished). A plethora[2] of Tenth Circuit cases make this abundantly clear. As such, Jack's request to conduct an evidentiary hearing is denied.

## CONCLUSION

The Court's prior rulings remain in place. Jack's request for a compassionate release is still **DENIED**. *See* **Doc. 213**. And his request for a sentence reduction under Amendment 821 is still **DISMISSED without prejudice**. *See* **Doc. 218 at 1**.

**IT IS THEREFORE ORDERED** that Jack's *pro se* Motion for to Expand the Record in his Compassionate Release Motion (**Doc. 221**) is **DENIED**. The Court will not order the production of any records, nor will the Court conduct a hearing.

/s/
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] *See, e.g., United States v. Crespin*, 2024 U.S. App. LEXIS 15071, at *10 n.4 (10th Cir. June 21, 2024) (unpublished) ("There is no requirement under § 3582(c)(1)(A) for district courts to hold evidentiary hearings on motions for compassionate release."); *United States v. Crisp*, 844 F. App'x 85, 89–90 (10th Cir. 2021) (unpublished) (explaining "a movant under the First Step Act 'is not entitled to a hearing'" and there is also "no requirement that district courts hold a hearing in a § 3582(c)(2) sentence-reduction proceeding." (citations omitted)); *United States v. Kirtman*, 836 F. App'x 700, 704 (10th Cir. 2020) (unpublished) (same); *United States v. Mannie*, 971 F.3d 1145, 1156 (10th Cir. 2020) (same); *United States v. Chavez-Medina*, 845 F.3d 655, 657 (10th Cir. 2017) ("There is no requirement that district courts hold a hearing in a § 3582(c)(2) sentence-reduction proceeding.").