IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

    Plaintiff,

    v.                                                 Criminal No. 09-2626-WJ

**NATHAN JACK**,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO SUPPLEMENT and
IMPOSING FILING RESTRICTIONS**

**THIS MATTER** comes before the Court upon inmate Nathan Jack's most recent *pro se*[1] filings. Specifically, this Memorandum Opinion and Order resolves Jack's Response (**Doc. 225**) to this Court's Show Cause Order (**Doc. 218 at 4–6**), as well as his "Motion to Supplement" (**Doc. 227**). The Court, having reviewed the pleadings and applicable law, **DENIES** Jack's third[2] request for compassionate release and **IMPOSES filings restrictions**.

**LEGAL STANDARD**

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819–24 (2010). One of the few narrow exceptions to this rule is contained in 18 U.S.C. § 3582(c)(1). *See United States v. Bradley*, 97

---

[1] Because Jack appears *pro se*, the "rule of liberal construction" applies—meaning the Court must construe his pleading generously (without, however, assuming the role of advocate). *United States v. Hernandez*, 627 F.3d 1331, 1335 (10th Cir. 2010) (Holmes, J.).

[2] Jack filed for compassionate release in June 2024 (**Doc. 208**). That motion was denied (**Doc. 213**). In November, Jack filed a motion to "expand the record" so he could provide "all psychology files and education files" for consideration (**Doc. 221**). That request was also denied (**Doc. 223**). Now, Jack asks the Court to consider USSG § 5H1.1 as a basis for compassionate release (**Doc. 227**).

1

F.4th 1214, 1217 (10th Cir. 2024). This section is "sometimes referred to as the 'compassionate release' statute." *United States v. McGee*, 992 F.3d 1035, 1039 (10th Cir. 2021).

The Tenth Circuit applies a "three-step test" for compassionate release motions. *McGee*, 992 F.3d at 1043; *see also United States v. Wirichaga-Landavazo*, 2023 U.S. App. LEXIS 28901, at *6 (10th Cir. Oct. 31, 2023) (unpublished) ("District courts follow a three-step test in evaluating compassionate-release motions."). First, the district court must determine whether extraordinary and compelling reasons warrant a sentence reduction. *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021). Second, the court must ascertain whether the sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id.* And third, the court must consider the § 3553(a) factors, to the extent they are applicable. *Id.* To grant a motion for compassionate release, a district court must address all three of these steps. *See United States v. Hald*, 8 F.4th 932, 936 (10th Cir. 2021).

\* \* \*

At step one, the Court looks to the Sentencing Guidelines' provision listing the six circumstances that qualify as "extraordinary and compelling reasons." *See* USSG §§ 1B1.13(b)(1)–(6). The general categories of reasons are: (1) medical circumstances of the defendant; (2) age[3] of the defendant; (3) family circumstances of the defendant; (4) victim of abuse; (5) other reasons; and (6) unusually long sentence. If the reasons provided by a defendant are not extraordinary and compelling, a court may deny the compassionate release request without addressing the other prerequisites. *See McGee*, 992 F.3d at 1043.

---

[3] Age, as used in § 1B1.13(b)(2), deals with old age. The policy statement on youthfulness is found in a separate section. *See* USSG § 5H1.1.

2

## DISCUSSION

In this latest filing, Jack argues that his youthfulness at the time of the offense should be considered for purposes of his compassionate release request. *See* **Doc. 227**. According to Jack, "U.S.S.G. 5H1.1 (Amendment 829) . . . relates to [him] because [he] was in [his] early twenties" when he killed Jessica Shorty. *Id.* **at 1**.

No doubt, USSG § 5H1.1 talks about how the age of an offender may be relevant in determining the appropriateness of departures from the recommended guideline range at sentencing. But, as Jack acknowledges, "Amendment 829 is not retroactive." **Doc. 227 at 1** (cleaned up). And non-retroactive amendments are specifically exempted from consideration of "extraordinary and compelling" reasons for a compassionate release. *See* USSG § 1B1.13(c). Because the Court cannot consider Amendment 829—or USSG § 5H1.1—when it determines whether "extraordinary and compelling" reasons for relief exist, Jack needs to show that his youthfulness was an extraordinary and compelling factor equal in gravity to the grounds set forth in USSG § 1B1.13(b)(1)–(4). *See* USSG § 1B1.13(b)(5).

Is Jack's age an "extraordinary and compelling" reason? The Court concludes it is not. Though Jack was undoubtedly young when he killed Jessica Shorty in August 2009, he was fully into adulthood. *See* **Doc. 217 (PSR) at 1** (noting Jack's age and date of birth).[4]

The Court does not discount the impact that Jack's youth and substance abuse may have had on his decision to commit the murder for which he was convicted. But his youth is not extraordinary or compelling. *See, e.g., United States v. Robertson*, No. 08-cr-240, 2025 U.S. Dist. LEXIS 9027, at *10 (M.D. Fla. Jan. 17, 2025); *United States v. Seals*, No. 13-cr-89, 2025 U.S. Dist. LEXIS 8579, at *6 (N.D. Ind. Jan. 14, 2025); *United States v. Andrews*, No. 05-cr-280, 2025

---

[4] Jack's age was argued by defense counsel at sentencing. *See* **Doc. 92 at 5:13–15**.

U.S. Dist. LEXIS 1394, at *4–6 (E.D. Pa. Jan. 6, 2025) (noting defendant's crimes "cannot be chalked up to mere youthful indiscretion"); *United States v. Irick*, No. 08-cr-01, 2024 U.S. Dist. LEXIS 230924, at *5 (S.D. Ga. Dec. 20, 2024) ("Defendant's youth at the time of his crimes of conviction is not extraordinary . . . ."); *United States v. Abdi Jama Aqid*, No. 11-cr-34, 2024 U.S. Dist. LEXIS 207339, at *12 (E.D. Va. Nov. 14, 2024); *United States v. Peeler*, No. 99-cr-67, 2024 U.S. Dist. LEXIS 68850, at *15 (D. Conn. Apr. 16, 2024) ("[T]he federal prisons are, unfortunately, full of inmates who . . . committed terrible crimes in their early twenties . . . .").

Once again, the Court concludes Jack did not present extraordinary and compelling circumstances. *See* **Doc. 213 at 4–8**; **Doc. 223 at 4**. And, like before, the § 3553(a) factors weigh heavily against granting the request.

## FILING RESTRICTIONS

The Court appreciates that Jack is "not trying to be disruptive." **Doc. 225 at 1**. To be sure, proceeding *pro se* is difficult. But Jack has a "history of abusive *pro se* filings." **Doc. 218 at 4** (quoting **Doc. 192 at 1**); *cf. United States v. Jack*, 692 F. App'x 505, 509–10 (10th Cir. 2017) (unpublished). In fact, this is the fourth Opinion the Court has issued in the last six months related to Jack's § 3582(c) requests. *See* **Docs. 213, 218, 223** (resolving **Docs. 208, 215, 216, 220, 221**). Jack's onslaught of meritless filings has "strained the resources of this court." *In re Winslow*, 17 F.3d 314, 315 (10th Cir. 1994). At this point, the Court cannot help but wonder, what part of "no" does Jack not understand?[5]

Filing restrictions "are appropriate where the litigant's lengthy and abusive history is set forth; the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and the litigant receives notice and an opportunity to oppose the court's order before it

---

[5] *See* LORRIE MORGAN, *What Part of No* (words and music by Wayne Perry and Gerald Smith), on WATCH ME (BNA Records 1992).

is implemented." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007). On the first point, this Court has "set forth" Jack's "lengthy and abusive" filing history in previous Opinions. *See* **Doc. 213 at 2 & 7**; **Doc. 218 at 4 n.4**. The Court provided guidelines for future filings (**Doc. 218 at 5**). And finally, Jack was provided notice of the Court's proposed filing restrictions, *id.*, and an opportunity to respond (which he took, *see* **Doc. 225**).

In response, though, Jack once again argues that 18 U.S.C. § 3147 was misapplied. *See* **Doc. 225 at 1**. But this is the very argument that prompted the earlier filing restrictions (**Doc. 198**) *See Jack*, 692 F. App'x at 510 (affirming the filing restrictions). Jack claims that his "first filing pertain[ing] to a compassionate release" deals with: (1) "the PSI," (2) "the defense counsel," and (3) "the U.S. Attorney." **Doc. 225 at 1**. These arguments are also violative of his filing restrictions. And such filings are not allowed without prior authorization from the Tenth Circuit. *See* **Doc. 213 at 6–7 n.6**; *see also Jack*, 692 F. App'x at 510 ("Jack has repeatedly circumvented the rules for filing second or successive § 2255 motions").

Imposing filing restrictions here will not deprive Jack of access to the courts. *See Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010) ("Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances."); *see also Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) ("The right of access to the courts is neither absolute nor unconditional."). Rather, the restrictions give him two options for accessing the Court: (1) initiating litigation through a licensed attorney; or (2) asking the Court for leave to initiate litigation *pro se*.

Such restrictions are necessary to curb Jack's litigation abuses.

## CONCLUSION

The Court concludes that extraordinary and compelling reasons to reduce Jack's sentence simply do not exist. Moreover, any reduction in his sentence would be inconsistent with the sentencing factors set forth in § 3553(a). *See* **Doc. 213 at 8**.

**IT IS THEREFORE ORDERED** that Jack's *pro se* Motion to Supplement Authority (**Doc. 227**) is **DENIED**. And to the extent Jack alleges his "first compassionate release motion . . . has not been ruled on yet," the Court directs his attention to the prior Memorandum Opinion and Order filed in September 2024. *See* **Doc. 213** (denying "Jack's *pro se* Motion for Compassionate Release").

**IT IS FURTHER ORDERED** that the following **FILING RESTRICTIONS** are imposed, effective immediately. Nathan Don Jack is prohibited from submitting any new filings under 18 U.S.C. § 3582(c)(1) & (2) in the United States District Court for the District of New Mexico in his criminal case, No. 09-cr-2626, without the representation of a licensed attorney admitted to practice in the United States District Court for the District of New Mexico unless he obtains permission from the court to proceed *pro se*. If Jack seeks to file a new motion or pleading in the District of New Mexico without an attorney, he must file a petition with the Clerk of Court requesting leave to proceed *pro se* and include:

1. A copy of this Order;

2. A copy of the proposed motion or pleading; and

3. A statement of the legal issues to be raised in the proposed new pleading and whether he has raised the same issues in other proceedings in the District of New Mexico. If so, he must cite the case number and docket number where the legal issues previously have been raised.

Any motion requesting leave to file a *pro se* action and the proposed new pleading shall be submitted to the Clerk of Court, who shall file and forward them for review to the sentencing judge, or another judge assigned to the case. If the motion requesting leave to file a *pro se* action is denied, the matter will be dismissed. If the motion requesting leave to file a *pro se* action is granted, the case will proceed in accordance with the Federal Rules and the Local Rules of the United States District Court for the District of New Mexico. Any filing submitted by Jack that does not comply with these restrictions will be returned to Jack by the Clerk without filing or submission to the Court.

**IT IS SO ORDERED**.

/s/
_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE